**ADAM COOK**
**EVERETT COOK LAW**
**Attorneys at Law**
**217 East Park Avenue**
**P. O. Box 969**
**Anaconda, Montana   59711**
**Telephone:   (406) 563-5005**
**Fax:   (406) 563-0380**
**ATTORNEYS FOR PLAINTIFF**

## IN THE UNITED STATE DISTRICT COURT
## DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| SADY BILBRUCK,<br><br>          Plaintiff,<br><br>v.<br><br>VALLEY COUNTY, LUKE<br>STROMMEN,<br>& JOHN DOES 1-3,<br><br>          Defendants. | Cause No.:   CV-21-40-GF-BMM<br><br><br>**COMPLAINT AND DEMAND**<br>**FOR JURY TRIAL** |

COMES NOW SADY BILBRUCK, by and through her attorneys of Everett

Cook Law, and for her causes of action against the defendants, for **which she**

**demands a jury trial,** claims and alleges as follows:

*1      Complaint and Demand for Jury Trial*

## I

SADY BILBRUCK is a resident of the City of Glasgow, County of Valley, State of Montana. The basis for jurisdiction is 28 U.S.C. § 1331, as the Federal Courts have original jurisdiction over all civil actions arising under the laws of the United States.

## II

At the time he sexually abused Plaintiff, Defendant LUKE STROMMEN was a resident of the State of Montana, and employed by Defendant VALLEY COUNTY as an officer for the Glasgow Valley County Sheriff's Department. He is currently a resident of Glasgow, Valley County, Montana.

## III

For all times material herein, Defendant VALLEY COUNTY is a county sheriff's department located in Glasgow, Valley County, Montana, and a political subdivision of the State of Montana.

## IV

JOHN DOES 1-3 are individuals or entities that may be responsible for some or all of Plaintiff's damages. The identity of these parties will be substituted upon discovery.

2      *Complaint and Demand for Jury Trial*

## V

In approximately January 2014, Defendant LUKE STROMMEN began
sexually abusing plaintiff, including sexual contact and directing her (a minor) to
send him sexually explicit images. Defendant's sexual abuse of plaintiff was
perpetrated while on duty and in uniform, and often occurred over his Valley
County cell phone and computer. Plaintiff was 16-years-old at the time Defendant
Luke Strommen began sexually abusing her.

## VI

VALLEY COUNTY was responsible for the supervision of defendant
LUKE STROMMEN at the time he sexually abused Plaintiff.

## VII

Defendants VALLEY COUNTY and LUKE STROMMEN engaged in
negligent and intentional conduct towards Plaintiff SADY BILBRUCK as
described above and below, causing her harm.

## COUNT I
## 42 U.S.C. § 1983

## VIII

Plaintiff realleges the allegations in paragraphs I - VII of this complaint.

## IX

Defendant LUKE STROMMEN, acting under color of law, committed sexual abuse of Plaintiff SADY BILBRUCK in violation of her constitutionally protected rights and in violation of federal statutes.

## X

As a result of defendants § 1983 violation Plaintiff has suffered damage including but not limited to: severe and serious mental distress, mental and physical injury, past and future medical expenses, past and future lost income, impairment to earning capacity, and loss of established course of life, for which she claims damages.

## COUNT II
## NEGLIGENT HIRING

## XI
Plaintiff realleges the allegations in Paragraphs I - X of this complaint.

## XII

Defendant VALLEY COUNTY hired Defendant LUKE STROMMEN. Defendant LUKE STROMMEN was employed by Defendant VALLEY COUNTY as a Valley County Undersheriff for the Valley County Sheriff's Department at the time he sexually abused Plaintiff.

## XIII

Defendant LUKE STROMMEN was not competent to fill the position of undersheriff at the time he was hired based on his history of violent and/or inappropriate conduct towards women and children.

## XIV

Defendant VALLEY COUNTY knew or should have known that Defendant LUKE STROMMEN was not competent to fill the position of undersheriff at the time it hired him.

## XV

Defendant VALLEY COUNTY's act of hiring Defendant LUKE STROMMEN and its failure to protect Plaintiff SADY BILBRUCK from Defendant LUKE STROMMEN caused Plaintiff harm, including but not limited to severe and serious mental distress, mental and physical injury, past and future medical expenses, past and future lost income, impairment to earning capacity and loss of established course of life.

## COUNT III
## NEGLIGENT RETENTION

### XVI

Plaintiff SADY BILBRUCK realleges the allegations in Paragraphs I-XV of this complaint.

### XVII

During the course of Defendant LUKE STROMMEN'S employment with VALLEY COUNTY, Defendant VALLEY COUNTY became aware or should have become aware that Defendant LUKE STROMMEN was incompetent or unfit to fill the position of undersheriff based on his inappropriate sexual conduct towards women and children and/or other inappropriate conduct he engaged in.

### XVIII

Defendant VALLEY COUNTY failed to take further action, such as, investigating, discharging, supervising or reassigning Defendant LUKE STROMMEN.

### XIX

Defendant VALLEY COUNTY's negligent retention of Defendant LUKE STROMMEN caused plaintiff SADY BILBRUCK harm, including but not limited

to: severe and serious mental distress, mental and physical injury, past and future

medical expenses, past and future lost income, impairment to earning capacity, and

loss of established course of life, for which she claims damages.

## COUNT IV
## NEGLIGENT SUPERVISION OF EMPLOYEE

### XX

Plaintiff SADY BILBRUCK realleges the allegations in Paragraphs I-XIX

of this complaint.

### XXI

Defendant LUKE STROMMEN created a risk of harm to Plaintiff SADY

BILBRUCK based upon his propensity for inappropriate sexual conduct towards

women and children and/or other inappropriate conduct he engaged in while on

duty.

### XXII

Defendant VALLEY COUNTY knew or should have known of Defendant

LUKE STROMMEN's propensity to present a risk of harm to Plaintiff.

### XXIII

Defendant VALLEY COUNTY failed to supervise Defendant LUKE

STROMMEN.

## XXIV

Defendant VALLEY COUNTY's failure to supervise Defendant LUKE STROMMEN caused Plaintiff SADY BILBRUCK harm, including but not limited to: severe and serious mental distress, mental and physical injury, past and future medical expenses, past and future lost income, impairment to earning capacity, and loss of established course of life, for which she claims damages.

## COUNT V
## BATTERY

## XXV

Plaintiff SADY BILBRUCK realleges the allegations in Paragraphs I-XXIV of this complaint.

## XXVI

Defendant LUKE STROMMEN'S sexual abuse of Plaintiff was intentional, harmful, and offensive, and without Plaintiff's consent, causing harm to Plaintiff for which she claims damages.

## COUNT VI
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

## XXVII

Plaintiff realleges the allegations in paragraphs I-XXVI of this complaint.

## XXVIII

The negligent conduct of the Defendant VALLEY COUNTY as set forth above has caused Plaintiff SADY BILBRUCK to suffer and continue to suffer serious and severe mental and emotional distress for which she claims damages.

## XXIX

Plaintiff SADY BILBRUCK's serious and severe mental and emotional distress was a foreseeable consequence of Defendants VALLEY COUNTY's negligent conduct as set forth above.

## COUNT VII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

## XXX

Plaintiff realleges the allegations in paragraphs I-XXIX of this complaint.

## XXXI

The intentional conduct of the Defendant LUKE STROMMEN as set forth above has caused Plaintiff SADY BILBRUCK to suffer and continue to suffer serious and severe mental and emotional distress for which she claims damages.

## XXXII

Plaintiff SADY BILBRUCK's serious and severe mental and emotional distress was a foreseeable consequence of Defendant LUKE STROMMEN'S intentional conduct as set forth above.

## COUNT VIII
## VICARIOUS LIABILITY UNDER RESTATEMENT OF AGENCY (2ND) 214

## XXXIII

Plaintiff realleges the allegations in Paragraphs I-XXXII of this complaint.

## XXXIV

Defendant VALLEY COUNTY is vicariously liable for the damages caused to Plaintiff SADY BILBRUCK by LUKE STROMMEN when he sexually abused her while on duty, while in a VALLEY COUNTY patrol car, and while in the course and scope of his employment with VALLEY COUNTY.

## XXXV

Restatement (Second) of Agency § 214 provides that a master or other principle who is under a duty to provide protection for or to have care used to protect others or their property and who confides the performance of such duty to a servant or other person is subject to liability to such others for harm caused to them by the failure of such agent to perform the duty. The Montana Supreme Court has

adopted the Restatement (Second) of Agency § 214 as an appropriate statement of the law in Montana.

## XXXVI

Defendant VALLEY COUNTY had a duty to provide protection for or to have care used to protect Plaintiff SADY BILBRUCK and it confided the performance of such duty to its agents, including LUKE STROMMEN.

## XXXVII

Defendants VALLEY COUNTY and its agents breached their duty to provide protection for or to have care used to protect Plaintiff SADY BILBRUCK, causing her harm, including but not limited to: severe and serious mental distress, mental and physical injury, past and future medical expenses, past and future lost income, impairment to earning capacity, and loss of established course of life, for which she claims damages.

## COUNT IX
## PUNITIVE DAMAGES

## XXXVIII

Plaintiff realleges the allegations in paragraphs I-XXXVII of this complaint.

# XXXIX

Defendants VALLEY COUNTY acted with reckless or callous indifference to the federally protected rights of others, and therefore should be required to pay Plaintiff punitive damages.

WHEREFORE, Plaintiff SADY BILBRUCK prays judgment against Defendant VALLEY COUNTY as follows:

1.  For Plaintiff's past present and future medical and mental health expenses for the care and treatment of her injuries;

2.  For Plaintiff's past, present, and future lost wages;

3.  For Plaintiff's impairment to earning capacity;

4.  For Plaintiff's value of lost household services;

5.  For all other general damages including mental and physical pain and suffering and emotional distress;

6.  For punitive damages;

7.  For attorney's fees and cost; and

8.  for such other and further equitable relief that the Court deems just and proper.

WHEREFORE, Plaintiff SADY BILBRUCK prays judgment against

Defendant LUKE STROMMEN as follows:

1.  For Plaintiff's past present and future medical and mental health expenses for the care and treatment of her injuries;

2.  For Plaintiff's past, present, and future lost wages;

3.  For Plaintiff's impairment to earning capacity;

4.  For Plaintiff's value of lost household services;

5.  For all other general damages including mental and physical pain and suffering and emotional distress;

6.  For attorney's fees and costs; and

7.  For such other and further equitable relief as the court deems just and proper.

DATED THIS ____9th____ DAY OF APRIL, 2021.


EVERETT COOK LAW


BY: _____
         ADAM COOK
         Attorney for plaintiff