## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| SADY BILBRUCK, | |
| Plaintiff, | **CV-21-40-GF-BMM** |
| vs. | |
| VALLEY COUNTY, LUKE STROMMEN, & JOHN DOES 1-3, | **ORDER** |
| Defendants. | |

### INTRODUCTION

Defendant Luke Strommen ("Strommen") has filed a motion to stay these proceedings. (Doc. 23.) Strommen also has filed a motion in limine to exclude certain evidence, testimony, and argument. (Doc. 61.) Plaintiff Sady Bilbruck ("Bilbruck") opposes these motions. (Doc. 95 at 1; Doc. 58 at 1.) Bilbruck filed a motion for sanctions that Defendant Valley County ("Valley County") opposes. (Doc. 29; Doc. 59 at 22.) The Court held a hearing on the motions on April 29, 2024. (Doc. 111.)

### BACKGROUND

Strommen worked as a law enforcement officer for Valley County from 2009 until 2018. (Doc. 94 at 2.) Strommen encountered Bilbruck in December of 2013 while on duty in his capacity as a law enforcement officer. (Doc. 68-4 at 3.) Bilbruck

1

was seventeen years old at the time. (Doc. 68-3 at 1.) Strommen detained Bilbruck and transported her to the detention center. (Doc. 87 at 2.) Bilbruck received citations for minor in possession, open container, possession of drug paraphernalia, and possession of dangerous drugs (marijuana). (*Id.* at 1–2.) Bilbruck obtained Strommen's phone number from Strommen's sister-in-law, with whom Bilbruck worked. Bilbruck texted Strommen to get her car keys following her arrest. (Doc. 94-1 at 20.) Bilbruck and Strommen later began texting regularly. (*Id.*)

Strommen and Bilbruck engaged in a sexual relationship for several months. Strommen and Bilbruck had four sexual encounters. The first occurred in Strommen's wife's Jeep while Strommen was off duty. (Doc. 94-2 at 28, 67; Doc. 51 at 7.) The remainder allegedly occurred while Strommen was on duty in the following locations: (1) Bilbruck's car; (2) a remote hunting cabin; and (3) Bilbruck's hotel room. (Doc. 51 at 8.) These sexual encounters involved Bilbruck performing oral sex on Strommen. (*Id.* at 7–8.) Strommen allegedly engaged in a sexual relationship with a fourteen-year-old girl, J.R., throughout his employment as well. (Doc. 94-4 at 2–3.)

Former Valley County Sheriff, Glen Meier, admitted that he had noticed that Strommen would disappear for long periods of time on shift, would visit a remote hunting cabin on shift, and failed to follow Sheriff Meier's directives to put a tracking app on his phone so Sheriff Meier could track his whereabouts. (Doc. 94-4

at 6, 12–13, 25.) Sheriff Meier also admitted to having received reports of inappropriate behavior including reports that Strommen sexually propositioned women during traffic stops, that a sheriff was engaged in a sexual relationship with a high school girl, and that Strommen had sexually assaulted a border patrol agent. (*Id.* at 6–8.) Valley County contends, however, that Sheriff Meier did not receive the complaints about Strommen until 2015 or 2016 and did not put together that Strommen was the "sheriff" reportedly having the sexual relationship with a minor until 2018. (*Id.* at 31–33, 35.)

The Department of Criminal Investigations ("DCI") investigated Strommen beginning in June of 2018. (*Id.* at 18.) Valley County terminated Strommen's employment on October 29, 2018. (*Id.* at 20.) Strommen pleaded guilty to sexual abuse of children for his possession of child sexual abuse material, consisting of a photograph of Bilbruck partially clothed. (Doc. 48-1.) A jury convicted Strommen of sexual intercourse without consent for his conduct with J.R. *Montana v. Strommen*, 547 P.3d 1227, 1234 (Mont. 2024). The Montana Supreme Court overturned that conviction for violation of the confrontation clauses of the United States Constitution and the Montana Constitution. *Id.* at 1242–43.

3

## LEGAL STANDARD

### I.   Motion for Stay

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). A court may stay civil proceedings in light of parallel criminal proceedings. *Federal Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989). Simultaneous civil and criminal proceedings generally prove unobjectionable, however, "[i]n the absence of substantial prejudice to the rights of the parties involved." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) (internal quotations omitted). A court may determine in its discretion whether the interests of justice require a stay. *Id.*

### II.   Motion for Sanctions

A district court may sanction a party for spoliation of evidence under its inherent powers or pursuant to Rule 37 of the Federal Rules of Evidence. *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006). The party alleging the spoliation of evidence must establish that the other party destroyed or failed to preserve evidence and "had 'some notice that the documents were potentially relevant to the litigation before they were destroyed.'" *Ryan v. Editions Ltd. West, Inc.*, 786 F.3d

754, 766 (9th Cir. 2015) (quoting *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1001 (9th Cir. 2002)).

"[C]ourts have discretion to employ a variety of sanctions, including monetary sanctions, evidentiary sanctions, civil contempt sanctions, and contempt sanctions." *MGA Ent., Inc. v. Harris*, 2:20-cv-11548-JVS-AGR, 2023 U.S. Dist. LEXIS 52931, at *4 (C.D. Cal. Jan. 5, 2023). Default represents a harsh sanction that should be used only in extreme circumstances. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court must weigh the following factors before imposing such a harsh sanction: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Anheuser-Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995). A court also must make a finding of "willfulness, fault, or bad faith" prior to imposing such a severe sanction. *Leon*, 464 F.3d at 958.

## III.   Motion in Limine

Motions in limine serve as procedural mechanisms "to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). The district court retains discretion in deciding a motion in limine, including the decision of whether to reserve ruling until trial. *See United*

*States v. Bensimon*, 172 F.3d 1121, 1127 (9th Cir. 1999). Motions in limine "should not be used to resolve factual disputes or weigh evidence." *BNSF R.R. v. Quad City Testing Lab.*, Inc., CV-07-170-BLG-RFC, 2010 U.S. Dist. LEXIS 113888, at *1 (D. Mont. Oct. 26, 2010).

A court will grant a motion in limine only if "the evidence is 'inadmissible on all potential grounds.'" *Frost v. BNSF Ry. Co.*, 218 F. Supp. 3d 1122, 1133 (D. Mont. 2016) (quoting *Quad City Testing Lab.*, 2010 U.S. Dist. LEXIS 113888, at *1). "[D]enial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Ducheneaux v. Lower Yellowstone Rural Elec. Ass'n*, No. CV 19-6-BLG-TJC, 2021 U.S. Dist. LEXIS 98985, at *25 (D. Mont. May 25, 2021) (internal quotations omitted). Evidentiary rulings must be deferred until trial if evidence fails to meet the "inadmissible on all potential grounds standard." *Quad City Testing Lab.*, 2010 U.S. Dist. LEXIS 113888 at *2. To defer rulings on motions in limine allows a court to place "questions of foundation, relevancy and potential prejudice . . . in proper context." *Id.* (internal quotations omitted). A court may alter its ruling on a motion in limine if trial brings to light facts that the court failed to anticipate in its earlier ruling. *Bensimon*, 172 F.3d at 1127.

6

## DISCUSSION

### I.      Motion to Stay

Strommen seeks a stay until September of 2024. (Doc. 24 at 2.) Strommen notes that Bilbruck has recently raised an allegation of sexual intercourse without consent ("SIWC"), which represents a transition from her earlier statements that the contact between Strommen and Bilbruck proved consensual. (*Id.* at 2–3.) Strommen notes that the State of Montana has not charged Strommen for SIWC against Bilbruck and that Strommen cannot defend himself against Bilbruck's allegations without waiving his Fifth Amendment rights. (*Id.* at 6.) The statute of limitations for a charge of SIWC never expires under the current law if the person was under 18 at the time of the offense. Mont. Code Ann. § 45-1-205(1)(c) (2023). The law in effect at the time of the alleged offense set a statute of limitations that would expire ten years after the victim turns eighteen. Mont. Code Ann. § 45-1-205(1)(b). Strommen contends that this means that the statute of limitations for any prosecution of SIWC as to Bilbruck must occur by August of 2024. (Doc. 24 at 7.) Accordingly, Strommen asks for a stay until September of 2024.

Bilbruck argues that the statute of limitations on Strommen's offense will never expire. Bilbruck contends that ex-post facto challenges only prove available where the statute of limitations had expired before the legislature expanded it. (Doc. 58 at 7.) Bilbruck notes that the legislature expanded the statute of limitations for

SIWC in 2021, before Strommen's statute of limitations expired. (*Id.* at 8.) Bilbruck accordingly argues that an ex-post facto challenge proves unavailable to Strommen such that a stay would accomplish nothing but delay. (*Id.*)

A court in determining whether to stay civil proceedings due to ongoing criminal proceedings must consider "the extent to which the defendant's fifth amendment rights are implicated." *Molinaro*, 889 F.2d at 902. A court also should consider the following factors:

> (1)   the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay;
> (2)   the burden which any particular aspect of the proceedings may impose on defendants;
> (3)   the convenience of the court in the management of its cases, and the efficient use of judicial resources;
> (4)   the interests of persons not parties to the civil litigation; and
> (5)   the interest of the public in the pending civil and criminal litigation.

*Keating*, 45 F.3d at 324–25.

First and foremost, it appears that a stay of any length cannot prevent the potential harm alleged by Strommen. Strommen incorrectly argues that the statute of limitations for the alleged SIWC would expire in September of 2024. Case law proves relatively clear, however, that a subsequent extension of a statute of limitations can be applied to past offenses as long as the original statute of limitations period had not expired. *United States v. Chief*, 438 F.3d 920, 924 (9th Cir. 2006);

*Mordja v. Montana Eleventh Judicial Dist. Court*, 177 P.3d 439, 443 (Mont. 2008). *See also Stogner v. California*, 539 U.S. 607, 632; *Renderos v. Ryan*, 469 F.3d 788, 795 (9th Cir. 2006). Accordingly, it does not appear that staying the case until September of 2024 would allow the statute of limitations for the alleged SIWC of Bilbruck to expire. The Court would have to enter an indefinite stay to avoid the harm presented by Strommen. The Ninth Circuit heavily disfavors indefinite stays. *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

The civil claims presented by Bilbruck clearly implicate Strommen's Fifth Amendment rights. Strommen has admitted that he engaged in oral sex, which meets the definition of sexual intercourse, with Bilbruck. Strommen argues, however, that the contact proved consensual. Several of Bilbruck's claims in this case turn on whether Bilbruck consented to the sexual intercourse. Any statements made by Strommen in this civil proceeding that relate to consent or a lack thereof could potentially be used against Strommen in a later criminal proceeding if Valley County chooses to bring SIWC charges against Strommen.

The Court also notes, however, that it appears unlikely that Strommen will be charged with SIWC for his conduct with Bilbruck. Strommen's inappropriate sexual relationship with Bilbruck occurred over ten years ago. Neither Valley County nor any other governmental entity has brought SIWC charges against Strommen for his

conduct with Bilbruck. Additionally, Valley County has taken the position in this proceeding that the relationship between Bilbruck and Strommen proved consensual. Valley County would have to adopt a position fully contrary to their current position to maintain a prosecution for SIWC. The Court evaluates Strommen's motion to stay in light of these particular circumstances. *Molinaro*, 889 F.2d at 902.

Bilbruck has an interest in expeditious litigation. This case involves claims based on conduct that occurred over ten years ago. Bilbruck's claims have been pending for three years now. Continued delay appears to pose only minimal prejudice, however, as it appears that documentary evidence and most witness testimony has been preserved. This first factor appears neutral.

Strommen argues that refusing to stay the proceedings will burden Strommen's ability to defend himself. (Doc. 24 at 8.) Strommen argues that he cannot sit for a deposition without waiving his Fifth Amendment rights against self-incrimination. Strommen also argued that he could not submit an affidavit to defend against Bilbruck's motions for summary judgment. The Court notes, however, that Strommen has been able to produce deposition testimony and other evidence to defend himself. "A defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege." *Keating*, 45 F.3d at 326. The circumstances of this case again prove important. Valley County has not brought charges against Strommen for SIWC of Bilbruck.

10

Valley County has not indicated its intention of ever bringing such charges and would have to take a position contrary to the position that it has taken in this litigation to do so. This factor weighs in favor of a stay but only slightly.

Judicial economy and the convenience of the Court weigh against a stay. The Court would have to enter an indefinite stay to avoid the harm that Strommen seeks to avoid. The Court would have to enter a stay that expires upon the termination of criminal proceedings that Valley County has not yet initiated and has not demonstrated any intent to initiate. Delaying the proceedings accomplishes nothing other than pushing off the resolution of this case, which impedes the Court's goal of efficient resolution of its cases.

The interests of persons not parties to the proceeding and the interests of the public also weigh against a stay. The claims here involve allegations that a law enforcement officer employed by Valley County engaged in sexual contact with a high school girl whom he previously had detained. Bilbruck further alleges that Strommen engaged in sexual contact with her while on duty in exchange for keeping her and her friends out of trouble. The public has a strong interest in the conduct of its law enforcement officers and its elected officials. Prompt resolution of this litigation proves important to the public interest.

"The case for staying civil proceedings is 'a far weaker one' when 'no indictment has been returned.'" *Molinaro*, 8890 F.2d at 903. This civil proceeding

11

carries implications for Strommen's Fifth Amendment rights. The State of Montana has not filed any criminal charge of SIWC against Strommen for his conduct involving Bilbruck. The fact that Strommen may at some later point become the subject of a criminal investigation for his conduct with Bilbruck proves insufficient to warrant a stay. *SEC v. SHE Bev. Co.*, 2022 U.S. Dist. LEXIS 231930, at *7 (C.D. Cal. Dec. 22, 2022). This outcome proves especially true where the offense for which Strommen could be charged carries no statute of limitations. No length of stay would mitigate the potential risks and waiting for a criminal prosecution that may never occur wastes judicial time and resources. The Court will deny Strommen's motion for a stay.

## II.    Motion for Sanctions

Bilbruck seeks sanctions against Valley County for the spoilation of the following two pieces of evidence: (1) the anonymous letter received by Sheriff Meier that a Sheriff had been engaging in sexual contact with a high school girl; and (2) the report of Strommen's alleged sexual assault against E.S. in December of 2014 ("E.S. Report"). (Doc. 30 at 2, 17.) Sheriff Meier testified in his deposition that he placed these documents in Strommen's employee file. (Doc. 69-1 at 7, 17–18.) Sheriff Meier also testified that Strommen would have had access to this file and these documents once Strommen became undersheriff. (*Id.* at 26–27.) Valley County has been unable to produce these documents throughout the litigation.

12

Bilbruck contends that her negligent supervision and negligent retention claims require her to prove that Valley County had notice of improper behavior by Strommen. (Doc. 30 at 10.) Bilbruck contends that the anonymous letter and E.S. report prove paramount to proving that Valley County had notice of Strommen's inappropriate behavior and the risk he posed for young girls in the community. (*Id.* at 11–15.) Bilbruck requests that the Court enter a default as a sanction for Valley County's spoliation of this evidence.

Valley County counters that the E.S. report has no evidentiary value because E.S. reported the incident in January of 2015, at least eight months after Bilbruck and Strommen ceased having sexual relations. (Doc. 59 at 6, 15–16.) Valley County further argues that the anonymous letter carried no evidentiary value because it did not name a victim, did not name the reporter, did not identify the law enforcement officer, and it lacked any connection to Strommen besides Sheriff Meier's "errant" statement that he put it in Strommen's file. (*Id.* at 16–17.)

## A. E.S. Report

Sheriff Meier testified that he wrote a report regarding the alleged sexual assault of E.S. and filed it in his incident report file. (Doc. 69-1 at 17–18.) Sheriff Meier testified that the E.S. report would have contained a detailed description of the allegations made by E.S. (*Id.* at 18.) E.S. reported the alleged sexual assault in January of 2015. Strommen and Bilbruck's sexual relationship occurred from

13

January of 2014 to April of 2014. Valley County received E.S.'s report approximately eight months after Bilbruck and Strommen ceased having sexual contact. Accordingly, the E.S. report lacks any relevance as to notice.

Bilbruck argues that the E.S. report proves probative of a pattern or practice for Bilbruck's § 1983 claim. The content of the report matters to some extent for establishing the pattern or practice. The most important fact, however, for the sake of the pattern or practice claim is that E.S. reported inappropriate behavior by Strommen and Valley County failed to respond to the report. The Court recognizes that the content of the E.S. report would certainly prove important to establishing negligence if Valley County had received that report before Bilbruck and Strommen's inappropriate sexual relationship. The probative value of the E.S. report remains minimal, however, where the E.S. report was filed nearly a year after Strommen's contact with Bilbruck. Bilbruck can offer at trial the testimony of E.S. and Sheriff Meier's deposition testimony if Sheriff Meier's trial testimony conflicts with that of his deposition. The E.S. report would provide little evidence as to pattern or practice beyond what these available sources of evidence provide.

The Court also struggles to find that any destruction of or failure to preserve the E.S. report was done with notice or knowledge that that the documents were potentially relevant to this litigation. Sheriff Meier allegedly placed the E.S. report in a filing cabinet in 2015. E.S. refused to file a formal complaint or seek charges

14

related to the incident. Bilbruck did not initiate this lawsuit until 2021. It remains unclear when the E.S. report was destroyed or lost, which makes it difficult to determine whether Valley County anticipated this litigation when such destruction of failure to preserve occurred. The burden falls on the party seeking sanctions to prove notice. The Court also cannot find "willfulness, fault, or bad faith" on the facts presented. *Leon*, 464 F.3d at 958. The Court denies Bilbruck's motion for sanctions related to the lost E.S. report. The limited probative value of the E.S. report and the lack of information as to whether Valley County should have anticipated its minimal relevance to these proceedings weigh against an imposition of sanctions.

### B. Anonymous Letter

The second subject of Bilbruck's motion for sanctions presents greater concern. Sheriff Meier testified that he received an anonymous letter indicating that a sheriff was having sex with an underage girl. (Doc. 69-1 at 7.) The letter allegedly indicated that the adult had overheard juvenile girls in the bathroom at a basketball game in Nashua discussing the sexual relationship between the sheriff and a minor at Glasgow High School. (*Id.*) Sheriff Meier testified that he received the letter within the first two years of Strommen's employment and placed the letter and envelope in which it was sent in Strommen's file. (*Id.*) Sheriff Meier indicated at one point that the envelope had a "Glasgow address" but later denied that the letter had any return address. (*Id.*)

15

Valley County argues that the anonymous letter failed to identify the reporter, the victim, or Strommen. (Doc. 59 at 16.) Valley County argues that the anonymity, vagueness, and hearsay in the letter leave the letter with little relevance as to the issue of notice. (*Id.* at 17.) Valley County also notes that Sheriff Meier retracted much of his testimony that connected the anonymous letter to Strommen, including that Sheriff Meier placed the letter in Strommen's file. (*Id.* at 16–17.)

The anonymous letter carries great probative value. The parties appear to agree that the letter was sent between 2009 and 2011, three years before Strommen had a sexual relationship with Bilbruck. The content of the letter and whether there was any indication in the letter or on the envelope as to who wrote the letter prove important to the question of Valley County's alleged negligence. The identities of the victim or suspect may not have been immediately clear from the anonymous letter. The anonymous letter clearly holds probative value, however, as to whether Valley County adequately investigated complaints against its officers, adequately supervised its employees, and had reason to know of Strommen's conduct. Valley County chose not to act in response to the letter because it determined that the letter lacked sufficient reliability. That does not foreclose the possibility, however, that Valley County acted negligently in making that determination.

The anonymous letter represented allegations against an employee of Valley County that foreseeably could have resulted in litigation. The relevance of the

16

anonymous letter to this litigation proved clear, as it directly relates to the issue of notice. Valley County failed to preserve the letter. The Court also finds it concerning that Sheriff Meier submitted an affidavit six months after his original deposition that retracts nearly all his statements about this anonymous letter in a manner favorable to Valley County. Valley County's failure to preserve the letter has made it more difficult for Bilbruck to prove her case. Default proves too severe of a sanction, however, as there exists insufficient evidence of "willfulness, fault, or bad faith" on the facts presented. *Leon*, 464 F.3d at 958. The Court instead will grant a sanction in the form of an adverse inference instruction. The Court will instruct the jury that the jury may draw inferences against Valley County including but not limited to that the letter was received before Bilbruck and Strommen's sexual relationship and that the letter contained allegations about a sheriff having sex with an underage high school girl.

### III. Motion in Limine

Strommen seeks to exclude the following categories of evidence and testimony:

(1) Other pending or previously dismissed lawsuits against him;
(2) Prior bad acts and the allegations of J.R., R.D., and E.S.;
(3) Testimony and opinions on the law and the ultimate issues of law;
(4) Strommen's guilty plea for Sexual Abuse of Children in violation of Mont. Code Ann. 45-5-625(1)(e) related to Strommen soliciting sexual photographs from Bilbruck;
(5) Any undisclosed legal or factual theories; and

17

(6) Testimony and opinions of Sheri Vanino.

(Doc. 62 at 2–3.) The Court will address the admissibility of the expert testimony of Dr. Sheri Vanino in a standalone order. The Court will address the remaining categories of evidence in turn.

## A. Pending or previously dismissed lawsuits against Strommen

Strommen argues that any other pending or previously dismissed lawsuits prove irrelevant because those lawsuits involved claims of sexual abuse whereas Bilbruck's relationship with Strommen proved consensual. (Doc. 62 at 3–6.) Strommen alternatively argues that evidence of such lawsuits should be excluded under Fed. R. Evid. 403 as unduly prejudicial.

The Court first rejects Strommen's argument that the issue of consent has been established and that such consent renders all other allegations irrelevant. The Court determined in its June 26, 2024 order that genuine disputes of material fact exist as to whether Bilbruck consented to the sexual contact with Strommen. (*See* Doc. 120 at 4–18.) The Court refers to that order and the analysis contained therein related to the issue of consent.

Only relevant evidence is admissible. Fed. R. Evid. 402. Evidence is relevant if it has any tendency to make a fact at issue in a case more or less probable. Fed. R. Evid. 401. The mere existence of other lawsuits does not make Bilbruck's allegations more or less probable. The allegations set forth in those other lawsuits may have a

tendency, however, to make Bilbruck's allegations more or less probable. The Court lacks sufficient information about the context in which the other lawsuits or the allegations underlying those lawsuits may emerge in these proceedings. The Court lacks sufficient information at this stage in the proceedings to determine that evidence of the other lawsuits proves "inadmissible on all potential grounds." *Quad City Testing Lab.*, 2010 U.S. Dist. LEXIS 113888 at *2. The Court denies Strommen's motion without prejudice. Strommen or Valley County may raise this issue again at the final pretrial conference or trial when questions of relevancy, potential prejudice, and foundation can be placed in the proper context. *Quad City Testing Lab.*, 2010 U.S. Dist. LEXIS 113888 at *2.

**B. Prior bad acts and the allegations of R.D., J.R., and E.S.**

Strommen contends that any evidence related to R.D. proves inadmissible because it represents a fabrication. Strommen argues that R.D.'s suit asserted fabricated allegations against Strommen. (Doc. 62 at 4.) Strommen notes as evidence of this fabrication that R.D. failed to respond to discovery requests and ultimately had her case dismissed for failure to cooperate with her attorney. (*Id.* at 7.) Strommen further argues that any evidence presented by J.R. and E.S. prove unduly prejudicial and constitute a violation of Fed. R. Evid. 404(b)'s prohibition on prior bad act evidence.

19

Strommen's 404(b) argument fails. Rule 415 of the Federal Rules of Evidence specifically allows evidence of prior sexual assaults in civil cases "involving a claim for relief based on a party's alleged sexual assault." E.S.'s allegations represent allegations of a prior sexual assault under Fed. R. Evid. 413(d)(2) because it involved digital penetration. J.R.'s allegations represent allegations of a prior sexual assault under Fed. R. Evid. 413(d)(2)-(3) because it involves contact between J.R.'s genitals and Strommen's genitals. J.R.'s allegations also constitute sexual assault under Fed. R. Evid. 413(d)(1) because the allegations involve conduct prohibited by 18 U.S.C. § 2243. The Court lacks information about R.D.'s allegations to allow the Court to determine whether the allegations fall within the ambit of Fed. R. Evid. 415.

The Ninth Circuit has recognized that Rule 415 "was passed to make an exception to Fed. R. Evid. 404(b)." *Doe v. Glanzer*, 232 F.3d 1258, 1268 (9th Cir. 2000). Rule 415 permits evidence if the following requirements are met: (1) the defendant is accused of an offense of sexual assault; (2) the evidence being offered relates to the defendant's commission of another sexual assault; and (3) the evidence is relevant. *Id.* "[I]t is generally accepted that a defendant with a propensity to commit acts similar to those charged is more likely to have committed the charged act than another and therefore such evidence is relevant and in conformity with the standards set out in Fed. R. Evid. 401 & 402." *Id.* Rule 415 of the Federal Rules of Evidence allows for admission of propensity evidence that otherwise would be

20

inadmissible under Fed. R. Evid. 404(b). *Id.*; *see also United States v. LeMay*, 260 F.3d 1018, 10124 (9th Cir. 2001).

Evidence deemed admissible under Rule 415 remains subject to exclusion pursuant to Fed. R. Evid. 403. *Doe*, 232 F.3d at 1268. The Ninth Circuit has outlined a variety of factors for the Court to consider in deciding whether to admit evidence of a prior sexual assault in a civil or criminal proceeding involving claims of sexual assault. *Id.*; *LeMay*, 260 F.3d at 1028. The factors include "the similarity of the prior acts to the acts charged, the closeness in time of the prior acts to the acts charged, the frequency of the prior acts, the presence or lack of intervening circumstances, and the necessity of that evidence beyond the testimonies already offered at trial." *Doe*, 232 F.3d at 1268.

The Court lacks sufficient information about the context in which Bilbruck may present evidence of the other allegations against Strommen. The Court remains unable to adequately evaluate and weigh the probative value and prejudicial effect of the alleged prior bad acts without more context and more information relating to the other allegations. The Court denies Strommen's motion in limine without prejudice. Strommen or Vally County may raise this issue again at the final pretrial conference or trial when questions of relevancy and prejudice can be placed in the proper context. *Quad City Testing Lab.*, 2010 U.S. Dist. LEXIS 113888 at *2. The Court instructs Bilbruck in the meantime to file a memorandum explaining in detail

the testimony that Bilbruck seeks to introduce relating to the other alleged sexual assaults. The memorandum, not to exceed 15 pages, must be filed by August 15, 2024, and must include an analysis of the factors set forth in *Doe* and outlined above. Valley County and Strommen will have 14 days after Bilbruck files the memorandum to file a response.

### C. Testimony and opinions on the law and ultimate issues of the law

Strommen asks to exclude any testimony as to ultimate issues of law. No question exists that such evidence proves inadmissible. Bilbruck agrees that testimony cannot be offered as to ultimate legal conclusions. (Doc. 95 at 4.) To the extent that Strommen challenges Bilbruck's expert as part of this motion in limine, the Court addresses those challenges in a separate order.

### D. Strommen's guilty plea

Strommen argues that Strommen's guilty plea to sexual abuse of a minor proves irrelevant and inadmissible. (Doc. 62 at 9.) Strommen contends that his plea related to a singular photograph and has no bearing on Bilbruck's claims on non-consensual, physical sexual contact. (*Id.*) The Court disagrees. A review of Bilbruck's complaint shows that Bilbruck alleges sexual abuse "including sexual contact and directing her (a minor) to send him sexually explicit images." (Doc. 1 at 3.) The solicitation of the photograph constitutes sexual abuse under the law. Strommen's admission to soliciting a sexually explicit photograph from Bilbruck

22

when she was a minor makes more or less probable whether sexual abuse occurred that violated her constitutional rights or caused her to suffer extreme emotional distress. Strommen's guilty plea proves relevant.

Strommen correctly notes that a guilty plea has no preclusive effect. The Montana Supreme Court has determined that "a guilty verdict establishes [the] elements [of an offense], but a guilty plea does not." *In re Estate of Swanson*, 187 P.3d 631, 635 (Mont. 2008). Whether a guilty plea carries preclusive effect represents, however, a different question than whether the guilty plea proves admissible. The only other ground that Strommen offers for excluding the guilty plea is that the admission of the guilty plea would be unfairly prejudicial because the jury would assume that such plea carries a preclusive effect. The Court finds that the prejudicial effect does not substantially outweigh the probative effect of Strommen's guilty plea. The Court further finds that an appropriate jury instruction can substantially reduce, if not eliminate, any risk of confusion as to the preclusive effect of the guilty plea. The Court will deny this motion in limine.

### E. Any undisclosed legal or factual theories

Strommen argues that Bilbruck has repeatedly changed the legal and factual theories supporting her case. (Doc. 62 at 10.) Strommen requests that the Court prohibit the introduction of any legal or factual theories that were not disclosed in discovery. Bilbruck has indicated that she has no intention of presenting new

23

theories of law. (Doc. 95 at 7.) Discovery closed in this matter on January 29, 2024. (Doc. 42 at 1.) The Court will grant Strommen's motion in limine and prohibit the presentation of any factual or legal theories not disclosed before that date.

## CONCLUSION

The Court denies Strommen's motion for a stay. (Doc. 23.) The Court grants, in part, and denies, in part, Bilbruck's motion for sanctions. (Doc. 29.) The Court denies without prejudice Strommen's motion in limine (Doc. 61) regarding other pending or previously dismissed lawsuits against him and prior bad acts and the allegations of J.R., R.D., and E.S. The Court grants Strommen's motion in limine (Doc. 61) regarding testimony and opinions on the law and the ultimate issues of law and any undisclosed legal or factual theories. The Court denies Strommen's motion in limine seeking to exclude evidence of his guilty plea.

## ORDER

Accordingly, **IT IS ORDERED**:

1.  Strommen's Motion for Stay (Doc. 23) is **DENIED**.

2.  Bilbruck's Motion for Sanctions (Doc. 29) is **GRANTED**, in part, and **DENIED**, in part. The Court denies Bilbruck's motion for sanctions for the destruction or failure to preserve the E.S. report. The Court grants sanctions for the destruction or failure to preserve the anonymous letter. The Court finds that an adverse inference instruction represents an

24

appropriate sanction, however, rather than the sanction of default sought by Bilbruck.

3. Strommen's Motion in Limine (Doc. 61) **is GRANTED, in part, and DENIED, in part,** as follows:

   a.  Strommen's motion to exclude evidence of other pending or previously dismissed lawsuits against him is **DENIED without prejudice**.

   b.  Strommen's motion to exclude evidence of prior bad acts and the allegations of R.D., J.R., and E.S. is **DENIED without prejudice**. Bilbruck must file a memorandum, not to exceed 15 pages, by August 15, 2024, explaining in detail the testimony that Bilbruck seeks to introduce relating to the other alleged sexual assaults. The memorandum must include an analysis of the factors set forth in *Doe* and outlined above. Valley County and Strommen will have 14 days after Bilbruck files the memorandum to file a response.

   c.  Strommen's motion in limine (Doc. 61) to exclude testimony and opinions on the law and the ultimate issues of law is **GRANTED**.

   d.  Strommen's motion in limine (Doc. 61) to exclude any undisclosed legal or factual theories is **GRANTED**.

   e.  Strommen's motion in limine (Doc. 61) seeking to exclude evidence

       of his guilty plea is **DENIED**.

DATED this 29th day of July, 2024.


_____
Brian Morris, Chief District Judge
United States District Court

26